IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JASON CLARK, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-25-CV-263-KC |
| | § | |
| CHARISMA EDGE, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jason Clark, Bureau of Prisons (BOP) Register Number 92463-509, challenges the calculation of his federal sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He claims that the BOP is improperly denying him First Step Act Earned Time Credits (FTCs). *Id.* at 5. His opposed petition is denied as moot.

## BACKGROUND

Clark is a 43-year-old inmate currently confined to the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc/ (search for Reg. No. 92463-509, last visited July 24, 2025). His anticipated release date is August 23, 2028. *Id.*

On February 1, 2019, Drug Enforcement Administration agents executed a federal search warrant at Clark's home in Bernalillo County, New Mexico. *United States v. Clark*, 1:22-cr-00374-KWR (D. N.M.), Plea Agreement, ECF No. 45 at 4. They found 3024 pills containing 323.4 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide) in a tool bag in his bedroom closet. *Id*. They obtained Clark's admission that he "intended to distribute the pills to another person." *Id*. In addition to the drugs, the agents found nine rifles, two shotguns, and seven pistols in the master bedroom of his home. *Id*., Order, ECF No. 74 at 3. They also found a loaded revolver in the drawer of the nightstand in the master bedroom. *Id.*

Clark was indicted for possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 18 U.S.C. § 2 (Count One), and possession a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). *Id.*, Indictment, ECF No. 2. But he eventually pled guilty, pursuant to a plea agreement, to an information charging him with unlawfully, knowingly, and intentionally possessing with the intent to distribute a mixture containing *a detectable amount* of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. *Id.*, Information, ECF No. 41; Plea Agreement, ECF No. 45. He was sentenced to 87 months' imprisonment followed by three years' supervised release. *Id.*, J. Crim. Case, ECF No. 63 at 2, 3.

In his petition, Clark challenges the BOP's refusal—based on its conclusion that his conviction made him ineligible—to award him FTCs which could be applied toward his early release to supervision. Pet'r's Pet., ECF No. 1 at 1. He argues his offense did not result in the death or serious bodily injury of anyone; he was not involved in the importation of the Fentanyl; and he was not a leader, organizer, manager, or supervisor of others in the offense. *Id.* at 3. Hence, he believes that he should be eligible to earn FTCs. He asks the Court to order the Respondent Charisma Edge to explain why he is not legally entitled to the FTCs. *Id.* at 4.

## STANDARD OF REVIEW

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Clark claims that the BOP erred when it disqualified him from earning FTCs. Pet'r's Pet., ECF No. 1 at 1. He concedes he "is unaware if it is due to a firearm enhancement … or any other classification of which the BOP refuses to properly inform" him. *Id*. at 2. He asks the Court to order the Edge to show cause why he is not legally entitled to FTCs. *Id*. at 4.

The First Step Act (FSA) creates incentives to encourage prisoners to participate in evidence-based recidivism reduction (EBRR) programs and productive activities (PAs). 18 U.S.C. § 3632(d). It gives *qualifying* prisoners the opportunity to earn ten additional days of FSA time credits for every 30 days of successful participation in EBRR programs and PAs. *Id.* § 3632(d)(4)(A)(i). It allows *qualifying* offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FSA time credits if they did not increase their risk levels over two consecutive assessments. *Id*. § 3632(d)(4)(A)(ii). It permits *qualifying* inmates to apply FSA time credits toward prerelease community-based placement in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the Director, it permits *qualifying* prisoners to apply the FSA time credits toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

The FSA lists two types of *disqualifying* fentanyl convictions which render a prisoner ineligible to acquire FTCs. 18 U.S.C. § 3632(d)(4)(D). First, where the prisoner "was an organizer, leader, manager, or supervisor of others in the [fentanyl] offense, as determined under the guidelines." *Id.* § 3632(d)(4)(D)(lxviii). Second, where the prisoner is serving a sentence for a fentanyl conviction under 21 U.S.C. § 841(b)(1)(A)(vi) (involving 400 grams or more of a mixture containing a detectable amount of fentanyl) or 21 U.S.C. § 841(b)(1)(B)(vi) (involving 40 grams

3

or more of a mixture containing a detectable amount of fentanyl). *Id.* § 3632(d)(4)(D)(lxvi).

The Supreme Court has held that the word "conviction" refers only to what "'the defendant [was] convicted of'" and not "what the defendant [has] actually done." *Mathis v. United States*, 579 U.S. 500, 511 (2016) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Because Congress predicated disqualifying prisoners from accruing FTCs based "on convictions, not conduct," the Court looks to the offense of conviction, not to the particulars of the prisoner's behavior. *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015).

The Court observes that 18 U.S.C. § 3632(d)(4)(D) is intended to apply specifically to disqualify individuals from earning FTCs who were convicted of violating 21 U.S.C. § 841(b)(1)(A)(vi) and (B)(vi). The Court notes that Clark was not: he was found guilty of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *United States v. Clark*, 1:22-cr-00374-KWR (D. N.M.), J. Crim. Case, ECF No. 63 at 1.

Edge agrees that Clark was mistakenly identified as disqualified from earning FTCs:

> On July 29, 2025, the BOP's Designation and Sentence Computation Center (DSCC) received notice of Petitioner's pending habeas petition and initiated a review of his eligibility. The DSCC found Petitioner was incorrectly keyed as ineligible and manually corrected his offense code. At this point, Petitioner was designated as FSA eligible in all internal BOP systems. On August 7, 2025, the BOP's Correctional Programs Division initiated an early FSA assessment for Petitioner. As reflected in his current FSA Time Credit Assessment, Petitioner has now accrued 784 FSA programming days and 360 FSA Time Credits towards early transfer to supervised release. All these credits will be applied towards early transfer to supervised release, as opposed to early transfer to prerelease custody. See 18 U.S.C. § 3624(g)(3) (allowing an inmate to apply FSA Time Credits to early transfer to supervised release). Because Petitioner has not yet accrued the maximum possible 365 FSA Time Credits towards supervised release, he has not accrued any credits towards early transfer to prerelease custody. If he continues programming, however, he will accrue an additional five (5) FSA Time Credits towards supervised release and then begin accruing credits towards prerelease custody at the next assessment. With the addition of these retroactively applied FSA Time Credits, Petitioner's current sentence computation is correct.

Gov't's Resp., ECF No. 5 at 6 (citations omitted).

Consequently, the Court finds that Clark was incorrectly identified as ineligible to receive FTCs, he is indeed entitled to receive the FTCs, and he has already accrued 360 FTCs towards his early transfer to supervised release. Moreover, with the addition of these retroactively applied ETCs, the Court finds that Clark's current recently revised release date of August 23, 2028, is correct.

"Article III of the Constitution … provides federal courts with jurisdiction over a matter only if there is a live 'case' or 'controversy.'" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, (2006). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990). "If an intervening event renders the court unable to grant the litigant any effectual relief whatever, the case is moot." *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020).

The Court finds that because the BOP has (1) granted Clark the ETCs that he requested and (2) recalculated his release date to reflect the ETCs, he no longer has any legally cognizable interest in the outcome of his case.

## CONCLUSION AND ORDER

The Court concludes that there is no longer any "live" controversy in this matter for it to resolve. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Jason Clark's *pro se* "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (ECF No. 1) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 27th day of August, 2025.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**